FILED

AUG 10 2016

MARY C. LOEWENGUTH, CLERK

WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMAYLA THURMOND,

                   Plaintiff,

     v.

MARGARET BOWMAN & WILFRED TOMBS,

                   Defendants.

**DECISION AND ORDER**

6:14-CV-06465 EAW

## BACKGROUND

Plaintiff Amayla Thurmond (hereinafter "Plaintiff") commenced this action on August 11, 2014, alleging discrimination in the provision of housing purportedly in violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601 *et seq.* (hereinafter "FHA") when defendant Wilfred Toombs (hereinafter "Toombs")[1] purportedly refused to show Plaintiff property located at 11 Union Street in Geneva, New York, due to the fact that she had two minor children. (Dkt. 1). Plaintiff alleges that Toombs manages the property owned by defendant Margaret Bowman. (*Id.* ¶ 14). Plaintiff's complaint asserts claims for alleged violations of §§ 804(a) and (c) of the FHA, as codified at 42 U.S.C. §§ 3604(a) and (c). (*Id.* ¶ 8).

On June 10, 2015, Defendants filed a motion for sanctions pursuant to Fed. R. Civ. P. 37, or in the alternative for spoliation of evidence and injunctive relief pursuant to Fed. R. Civ. P. 65. (Dkt. 37). The motion related to certain alleged Facebook posts of

---

[1]      The caption of the complaint identifies Wilfred "Tombs" as a defendant, although it appears as though the proper spelling is "Toombs."

Plaintiff. This Court referred the motion for a preliminary injunction to Magistrate Judge Payson for a Report and Recommendation. (Dkt. 39). Then, on June 12, 2015, Defendants filed a second motion for sanctions, involving the same issue related to the Facebook posts. (Dkt. 40).

Pursuant to the scheduling order issued by the Court, Plaintiff filed papers in opposition to the motions on June 25, 2015. (Dkt. 51-53). Defendants filed reply papers on July 10, 2015. (Dkt. 59). On July 28, 2015, Judge Payson conducted an evidentiary hearing (Dkt. 67), and it was continued on November 18, 2015 (Dkt. 79). On February 16, 2016, Defendants filed their post-hearing submission (Dkt. 84), and Plaintiff filed her post-hearing submission on March 10, 2016 (Dkt. 88).

On March 31, 2016, Judge Payson issued a thorough Decision & Order and Report & Recommendation, denying Defendants' motion for sanctions and recommending that the motion for a preliminary injunction also be denied. (Dkt. 89) (hereinafter "Judge Payson's Decision").[2] On May 2, 2016, Defendants filed objections to Judge Payson's Decision. (Dkt. 91).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief. . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly

---

[2]   Judge Payson's Decision also denied Defendants' motion to disqualify Plaintiff's counsel (Dkt. 69), but that motion is not before this Court.

erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In addition, pursuant to 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A). . . ." *Id.* § 636(b)(1)(B). If objections to the proposed findings and recommendations are filed, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). These requirements are supplemented by this Court's local rules, which provide with respect to nondispositive matters, that "[t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections." Local R. Civ. P. 72(a). With respect to dispositive motions, the local rules provide that any objections must "specifically identity the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." *Id.* 72(b).

Thus, Defendants' objections to Judge Payson's determination with respect to the denial of the motion for a preliminary injunction are reviewed under a *de novo* standard of review, assuming Defendants have complied with this Court's local rules and filed specific objections to the proposed findings and recommendations of Judge Payson. With respect to the request for sanctions, any non-dispositive spoliation sanctions issued by Judge Payson would be reviewed under a clearly erroneous/contrary to law standard of review, while a recommendation concerning a request for sanctions in the form of

dispositive relief, such as dismissal of the lawsuit, requires *de novo* review. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard. . . .   [H]owever, the imposition of certain sanctions under Rule 37, in some instances, may be considered 'case-dispositive,' requiring *de novo* review." (citations omitted))[3]; *see also Dorchester Fin. Holdings Corp. v. Banco BRJ S.A.*, 304 F.R.D. 178, 180 (S.D.N.Y. 2014) (magistrate judge to whom pretrial proceedings, including non-dispositive motions, have been referred, has the authority to impose sanctions for spoliation, including the preclusion of evidence, so long as those sanctions are non-dispositive, and the review of any such non-dispositive decision is under a clearly erroneous or contrary to the law standard, but dispositive spoliation sanctions, such as dismissal, could only be recommended and that recommendation is subject to *de novo* review); *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572,

---

[3]       In *Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010), the Second Circuit Court of Appeals left unresolved the issue of whether a magistrate judge has the power to impose sanctions pursuant to Fed. R. Civ. P. 11, although all judges on that split panel appeared to recognize the continuing vitality of *Thomas E. Hoar* and the ability of magistrate judges to impose non-dispositive sanctions for discovery violations. *Id.* at 86 (Cabranes, J., concurring) (although rejecting the idea that a magistrate judge has the power to sanction under Rule 11, explaining that sanctions under Rule 37 are different because "discovery disputes are within the core statutory authority of magistrate judges, and it is not surprising that Congress and the courts would grant magistrate judges broader power over the regulation of discovery."). *But see Diversified Control, Inc. v. Corning Cable Sys., LLC*, No. 05-CV-0277(A)(M), 2010 WL 1371662, at *2 n.2 (W.D.N.Y. Apr. 6, 2010) (suggesting that the Second Circuit's uncertainty expressed in *Kiobel* "suggests that this uncertainty may now also extend to a Magistrate Judge's authority to impose non-dispositive sanctions under Rule 37").

575 (S.D.N.Y. 2013) (reviewing magistrate judge's denial of motion for spoliation sanctions under a clearly erroneous or contrary to law standard of review).

The clearly erroneous/contrary to law standard of review is "highly deferential" and "a district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y. 2014) (quotations and citations omitted); *see also Khaldei*, 961 F. Supp. 2d at 575 (explaining that an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure" (quotation omitted)); *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2009 WL 749570, at *19 (S.D.N.Y. Mar. 20, 2009) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes . . . . " (internal quotation marks and alterations omitted)). On the other hand, *de novo* review requires a district court to arrive at its own independent conclusion, although it need not "specifically articulate all of its reasons for rejecting a party's objections." *Smith v. Marcellus*, 917 F. Supp. 168, 170 (W.D.N.Y. 1995).

## ANALYSIS

Here, Defendants have sought both dispositive and non-dispositive relief with their request for sanctions. Under either the more deferential clearly erroneous/contrary to law standard, or an independent *de novo* review, this Court's conclusion is the same – Defendants are not entitled to sanctions.

As recognized by Judge Payson, "[a] party bringing a spoliation motion must demonstrate the following: (1) the party who purportedly destroyed the evidence had an obligation to preserve it; (2) the evidence was destroyed 'with a culpable state of mind'; and (3) the destroyed evidence was relevant to the party's claim or defense." (Dkt. 89 at 15 (*citing Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002), *Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 430 (S.D.N.Y. 2009); and *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003)). Defendants do not challenge the legal standard cited by Judge Payson, but rather they challenge her factual findings and legal conclusions with respect to each one of those elements.

With respect to the duty to preserve, Judge Payson concluded as follows:

> The motions before the Court indeed raise interesting and complex issues about the duty to preserve information in social media accounts, particularly in cases of alleged discrimination involving claims for emotional distress damages. Here, however, I need not attempt to resolve them because, even assuming *arguendo* that [Plaintiff] had a duty to preserve her social media accounts when she commenced the action, I conclude that the three posts that defendants have proved were deleted from her Facebook page were deleted inadvertently and were not relevant to this litigation.

(Dkt. 89 at 15-16). Defendants challenge this determination, contending at a minimum that defense counsel's email to Plaintiff's counsel on December 18, 2014,[4] created a duty to preserve her social media posts. (Dkt. 91 at 3). However, Defendants' argument

---

[4]   As noted in Judge Payson's Decision, this email conveyed a settlement offer and also contained a warning about "the concept of spoilage so [Plaintiff] does not try to delete her text messages and facebook account." (Dkt. 89 at 2).

overlooks that Judge Payson agreed for purposes of deciding the motion that a duty to preserve had been established.   Therefore, Defendants' objections do not provide any basis to set aside Judge Payson's Decision.

With respect to the second and third elements – culpability and relevance – Judge Payson determined that, in fact, most of Plaintiff's posts had not been deleted, but rather were "simply hidden from defendants' view due to an apparent modification of [Plaintiff's] security settings." (Dkt. 89 at 17).   Judge Payson concluded that "no credible evidence in the record demonstrates that [Plaintiff] intentionally or with bad faith deleted posts from her Facebook account." (*Id.* at 18).   According to Judge Payson, only three postings appeared to be missing, and "at worst, [the posts were] negligently deleted." (*Id.* at 18).   Moreover, Judge Payson determined that Defendants failed to even attempt to demonstrate relevance, and in fact, the three postings that were missing were not relevant. (*Id.* at 24).

Defendants object to this finding, contending that Plaintiff's alleged failure to implement a litigation hold after the December 18, 2014 email establishes the requisite culpability.   Defendants go on to quarrel with the credibility determinations made by Judge Payson, arguing that she "preferred to believe Plaintiff, who perjured herself several times during these proceedings, over a member of the New York Bar." (Dkt. 91 at 9).   While still failing to establish relevance, and indeed appearing to acknowledge that the three postings that were deleted were not relevant, Defendants contend that Plaintiff's culpability, by definition, establishes the requisite relevance as a matter of law. (*Id.* at 10-13).

- 7 -

In the first instance, even under a *de novo* standard of review, it is inappropriate for this Court to reject out-of-hand Judge Payson's credibility determinations, made after assessing the various witnesses during the course of a two-day evidentiary hearing. "The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) (citing *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008); and *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989)); *see also United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings). Here, based upon the Court's review of the record, including the transcripts of testimony before Judge Payson, the Court concludes that Judge Payson's credibility determinations are well supported by the record.

Moreover, Judge Payson correctly concluded that, at best, it appeared that three postings had been inadvertently deleted, but the rest of the postings were simply hidden from view once Plaintiff changed her privacy settings. In fact, the five specific posts that Defendants had claimed were deleted in their sanctions motion were actually produced by Plaintiff during the evidentiary hearing, demonstrating quite plainly the inaccuracy of Defendants' allegations about the destruction of evidence. (Dkt. 89 at 18).

In essence, Defendants ask that this Court conclude that the failure to formally implement a litigation hold after defense counsel sent an email to Plaintiff's counsel in December 2014, demonstrates gross negligence, which correspondingly establishes

relevance as a matter of law, and therefore, according to Defendants' logic, they have satisfied the second and third requisite elements for sanctions.  While it is true that the failure to implement a litigation hold can constitute gross negligence, *Toussie v. Cty. of Suffolk*, No. CV 01-6716(JS)(ARL), 2007 WL 4565160, at *8 (E.D.N.Y. Dec. 21, 2007), and "a showing of gross negligence in the destruction or untimely production of evidence will in *some circumstances* suffice, standing alone, to support a finding that the evidence was unfavorable to the grossly negligent party," *Residential Funding Corp.*, 306 F.3d at 109 (emphasis added),[5] Defendants' argument in this regard misses the point – there has been no wholesale destruction of evidence in this case.  Rather, Plaintiff simply changed her privacy settings so that it appeared to defense counsel that the Facebook postings were deleted, but they were not.  As noted by Judge Payson, Defendants moved for spoliation sanctions before even serving a discovery demand seeking the production of Plaintiff's social media accounts, and had they bothered to serve a discovery demand, they would have learned that, contrary to their unfounded belief, Plaintiff's postings were merely hidden from Defendants' view. (Dkt. 89 at 25).  Moreover, as recognized by the Court in *Toussie*, a case relied upon by Defendants, even where a party acts in a grossly negligent manner resulting in the loss of evidence, it is only in the most egregious cases

---

[5]     As recognized by Judge Payson, Fed. R. Civ. P. 37 was amended effective December 1, 2015, and that amendment has been interpreted as overruling the holding in *Residential Funding Corp.. See, e.g., Thomas v. Butkiewicus*, CIVIL ACTION NO. 3:13-CV-747 (JCH), 2016 WL 1718368, at *7-8 (D. Conn. Apr. 29, 2016); *CAT3, LLC v. Black Lineage, Inc.*, 14 Civ. 5511 (AT)(JCF), 2016 WL 154116, at *4-5 (S.D.N.Y. Jan. 12, 2016).  However, neither party advocated for retroactive application of the current version of Rule 37 and Judge Payson conducted her analysis under the pre-December 2015 framework. (Dkt. 89 at 16 n.6).

that relevance is determined as a matter of law.  2007 WL 4565160, at *8.  That is simply

not the case here.

Finally, nowhere in Defendants' objections do they reference their request for a

preliminary injunction, which sought an order preventing Plaintiff from accessing her

social media accounts during the pendency of this proceeding.    Judge Payson

recommended as follows with respect to the preliminary injunction motion:

> I recommend that defendants' motion for preliminary injunctive relief be
> denied.  Defendants now have a printed copy of Thurmond's Facebook
> posts during the months prior and subsequent to the alleged discrimination
> and certainly have had an adequate period of time within which to print or
> record her Instagram posts.  Of course, should the district court agree that
> no need exists for injunctive relief, that decision would not relieve
> Thurmond of any independent duty she has to preserve relevant evidence.

(Dkt. 89 at 25).  Because Defendants did not file any specific objections to the denial of

the request for a preliminary injunction, this Court need not review that recommendation

under a *de novo* standard of review.  *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509,

517 (S.D.N.Y. 1997).  However, even reviewing that recommendation *de novo*, the Court

agrees with Judge Payson's determination based upon its review of the record in this case

and for the reasons set forth in Judge Payson's thorough and detailed analysis.

Defendants have plainly failed to satisfy the standard under Fed. R. Civ. P. 65 for the

granting of a preliminary injunction.

## CONCLUSION

As a result, based on Judge Payson's thorough and detailed Decision & Order and

Report & Recommendation, the parties' submissions to Judge Payson, the transcripts of

the proceedings before Judge Payson, and Defendants' objections filed with this Court,

the Court concludes that Defendants have failed to satisfy the standard for the requested sanctions or a preliminary injunction, and therefore, the Court adopts Judge Payson's Report and Recommendation in its entirety.   Defendants' objections (Dkt. 91) are overruled, and Defendants' motions for sanctions and a preliminary injunction (Dkt. 37, 40) are denied.

   SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:        August 10, 2016
              Rochester, New York